NUMBER
13-10-00681-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

JAMES GUY GARNERS,                                                             Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                 Appellee.

____________________________________________________________

 

                           On
appeal from the 329th District Court 

of Wharton County, Texas.

____________________________________________________________

 

                           MEMORANDUM OPINION

 

    Before Chief Justice Valdez and
Justices Rodriguez and Perkes

Memorandum Opinion Per Curiam

 

Appellant, James
Guy Garners, attempted to perfect an appeal from a conviction for continuous
violence against family and abandoning child without intent to return.  We
dismiss the appeal for want of jurisdiction.








Sentence in
this matter was imposed on June 24, 2010.  No motion for new trial was filed. 
Notice of appeal was filed on December 22, 2010.  On December 22, 2010, the
Clerk of this Court notified appellant that it appeared that the appeal was not
timely perfected.  Appellant was advised that the appeal would be dismissed if
the defect was not corrected within ten days from the date of receipt of the
Court’s directive.  On January 6, 2011, appellant’s counsel responded to the
notice by filing a motion for leave to file notice of appeal.  The motion states that
counsel for appellant was not notified of the appointment as counsel for the
appeal until sometime in December 2010.    

Texas Rule
of Appellate Procedure 26.2 provides that an appeal is perfected when notice of
appeal is filed within thirty days after the day sentence is imposed or
suspended in open court unless a motion for new trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  The
time within which to file the notice may be enlarged if, within fifteen days
after the deadline for filing the notice, the party files the notice of appeal
and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate
Procedure.  See id. 26.3.  

Appellant’s
notice of appeal was due to have been filed on or before July 26, 2010.  See
Tex. R. App. P. 26.2(a)(2).  Within
the fifteen day time period, appellant did not file a motion for extension of
time to file his notice of appeal and did not file his notice of appeal.  

This
Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).  “When a notice of appeal is filed within the fifteen‑day period
but no timely motion for extension of time is filed, the appellate court lacks
jurisdiction.”  Olivo, 918 S.W.2d at 522.   Absent a timely filed notice
of appeal, a court of appeals does not obtain jurisdiction to address the
merits of the appeal in a criminal case and can take no action other than to
dismiss the appeal for want of jurisdiction.  Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998).  








Appellant
may be entitled to an out‑of‑time appeal by filing a post‑conviction
writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this
Court.  See Tex. Code Crim. Proc.
Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex parte Garcia,
988 S.W.2d 240 (Tex. Crim. App. 1999).

Appellant’s
motion for leave to file notice of appeal is DENIED.  The appeal is DISMISSED FOR WANT OF JURISDICTION.                                                                                                                                                                       PER
CURIAM

 

Do not publish.  

Tex. R. App. P. 47.2(b).

 

Delivered and filed the  

10th day of February, 2011.